IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In Re:

Revis Forrester,

    Debtor.

Case No. 11-731-JCO

_____

Revis Forrester,

    Plaintiff,

v.

Internal Revenue Service,

    Defendant.

Adversary Case No. 16-65-JCO

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Motion for Summary Judgment filed by the Internal Revenue Service ("IRS"). (Doc. 25). No response was filed by the Debtor. A hearing was held on August 15, 2017. Counsel for the IRS was present. Neither the Debtor nor counsel for the Debtor were present.

Debtor commenced this adversary proceeding to determine the dischargeability of his federal tax liabilities for the years 2004, 2005, 2006, 2007, 2008, 2009, and 2010. Debtor was required to files returns for all of the years pursuant to 26 U.S.C. § 6012(A)(1)(A).

For the year 2004, the IRS admits that no amount is due. (Doc. 25 at 2). For the years 2005, 2006, and 2007, Debtor admits that income tax returns were not timely filed. (Doc. 25-2 at 4-6). As such, the IRS calculated Debtor's liabilities for these tax years and

filed substitute returns ("SFRs") in accordance with 26 U.S.C. §§ 6020(b) and 6212. Debtor did not challenge or appeal the notices of deficiency in the United States Tax Court for 2005, 2006 and 2007, and the IRS subsequently assessed the tax it determined to be due. (Doc. 25-1 at 2; Doc. 25-2 at 7, 8, 9-10). The IRS then assessed Debtor the amount owed plus penalties and interest for the tax years 2005, 2006 and 2007. (Doc. 25-1 at 2). Thereafter, the Debtor filed for Chapter 13 relief and filed 1040 forms with the IRS for the years 2005, 2006 and 2007. (Doc. 25-1 at 3). The IRS adjusted Debtor's income tax liabilities for those years to reflect the amounts shown on the 1040 forms. (Doc. 25-1 at 3). After Debtor received his discharge, the IRS abated the penalties assessed for 2005, 2006, and 2007. (Doc. 25-1 at 3).

For the years 2008, 2009 and 2010, Debtor's income tax returns were not timely filed. (Doc. 25-1 at 3; Doc. 25-2 at 12-13). Debtor filed 1040 forms for those tax years. (Doc. 25-1 at 3). The principal priority tax obligations for 2007, 2008, 2009 and 2010 were paid through the Debtor's chapter 13 case. However, interest has continued to accrue. (Doc. 25-1 at 3). As of May 31, 2017, the following amounts remain due and outstanding (Doc. 25-1 at 3):

1. 2005- $4,692.49
2. 2006- $11,326.48
3. 2007-$1,641.01
4. 2008- $1,703.72
5. 2009- $902.96
6. 2010- $635.71.

CONCLUSIONS OF LAW

Summary Judgment Standard

As made applicable by Federal Rule of Bankruptcy Procedure 7056, under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and-- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file-- designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.,* 131 F.3d 995, 999 (11th Cir.1997). As *Anderson v. Liberty Lobby, Inc.* teaches, Rule 56(c) "does not allow the plaintiff to simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof of trial, he must come forward with at least some evidence to support

3

each element essential to his case at trial." *Anderson,* 477 U.S. at 252. "Mere allegations" made by plaintiffs are insufficient. *Id.*

### The 2004 Tax Returns

As set out above, all amounts owed pursuant to the 2004 Federal income tax return have been paid. (Doc. 25-1 at 3). Accordingly, there is no amount to discharge with respect to the 2004 return.

### The 2005, 2006 and 2007 Tax Returns

The Complaint seems to suggest that the tax obligations for 2005 and 2006 should be discharged as "general unsecured debts" and that the 2007 tax obligation was a priority obligation that was "paid in full." (S*ee* Doc. 1 at 1).

As a preliminary matter, Debtor admitted that not all creditors were paid in full through his chapter 13 bankruptcy. (Doc. 25-2 at 11). More specifically, Debtor testified that his creditors were only paid 24.99%. *Id.* If Debtor's case was not a 100% case, general unsecured creditors, such as the IRS, would not have been paid in full.

Notwithstanding, once the Debtor received his discharge, the IRS abated the balance of the penalties assessed against the Debtor for 2005, 2006 and 2007. (Doc. 25-1 at 3).

As more fully explained below, the remaining balances arising from the tax obligations for 2005, 2006 and 2007 are excepted from discharge under 11 U.S.C. § 523(a)(19)(*) and 11 U.S.C. § 523 (a)(1)B)(i).

## The SFRs Filed by the IRS Are Not "Returns" for Discharge Purposes

As stated above, the IRS prepared SFRs[1] for 2005, 2006 and 2007[2] on April 29, 2008, and August 11, 2009. (Doc. 25-1 at 2).

Although the SFRs for 2005 and 2006 were assessed more than two years preceding the bankruptcy petition, the SFRs filed by the IRS are not "returns" for discharge purposes.

> The "hanging paragraph" in 11 U.S.C. § 523(a)(19)(*) states:
> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable non-bankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, **but does not include a return made pursuant to section 6020(b)** of the Internal Revenue Code of 1986, or a similar State or local law. (emphasis added)

The phrase "but does not include a return made pursuant to Section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law" clearly evidences Congress's intent to exclude returns prepared by the IRS pursuant to Section 6020(b). Accordingly, the SFRs filed by the IRS are not "returns" for discharge purposes.

---

[1] 26 U.S.C § 6020 of the Internal Revenue Code permits the IRS to file a substitute return for a taxpayer under certain circumstances. A return filed by the IRS under 6020(b) is prepared by the IRS with information gathered by the IRS and not signed by the taxpayer. In other words, a return prepared by the IRS (also known as a "Substitute for Return" or "SFR") under IRC § 6020(b) is never a return for dischargeability purposes.

[2] The SFR for 2007 was not filed until August 11, 2009, and would also be nondischargeablee under 11 U.S.C. § 523 (a)(1)(B)(ii) as having not been filed within two years preceding the bankruptcy petition.

5

Case 11-00731    Doc 62    Filed 08/18/17    Entered 08/18/17 16:31:56    Desc Main
Document      Page 5 of 8

### Debtor's Late-Filed Forms 1040 Were Not Filed Within Two Years Preceding the Filing of the Bankruptcy Petition.

To the extent Debtor attempts to allege the late-filed Forms 1040 for 2005, 2006 and 2007 are returns, they were not filed by the Debtor until February 22, 2012 -- almost one year *after* he filed bankruptcy.

11 U.S.C. § 523(a)(1)(A)-(B) sets forth the exceptions to discharge as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt
> (1) for a tax or a customs duty-
> (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed.
> (B) with respect to which a return, or equivalent report or notice, if required;
> (i) was not filed or given; or
> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition . . .

Because the Debtor's late-filed Forms 1040 were not filed more than two years preceding the bankruptcy petition, the 2005, 2006 and 2007 tax obligations cannot be discharged pursuant to 11 U.S.C. § 523(a)(1)(B)(ii). Therefore, the United States is GRANTED a judgment as a matter of law declaring the 2005, 2006 and 2007 taxes excepted from discharge.

### The 2008, 2009 and 2010 Tax Returns

The Internal Revenue Code states that "returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year . . . ." 26 U.S.C. § 6072(a).

Debtor's 2008 Federal income tax return was due April 15, 2009; the 2009 return was due April 15, 2010; and the 2010 return was due April 15, 2011. Those dates are all less than three years before Debtor filed the underlying bankruptcy case on February 24, 2011, making the tax obligations "priority" pursuant to 11 U.S.C. § 507(a)(8)(A)(i) and (ii). These date calculations are not in dispute, as Debtor admitted the tax returns for 2008, 2009 and 2010 had not been assessed by the time he filed bankruptcy on February 24, 2011. (Doc. 25-2 at 12-13).

Therefore, the 2008, 2009 and 2010 taxes are priority tax obligations and non-dischargeable pursuant to 11 U.S.C. § 507(a)(8)(A)(i) and (ii); 11 U.S.C. § 523(a)(1)(A); and § 523(a)(1)(B)(ii).

## CONCLUSION

Having considered the Motion, and the record before it, and there being no genuine issue of material sufficient upon which a reasonable trier of fact could find in favor of the Debtor, this Court finds that judgment as a matter of law is due to be and hereby is GRANTED in favor of the IRS because Debtor's 2005, 2006 and 2007 tax liabilities are excepted from discharge pursuant to 11 U.S.C. § 523(a)(19)(*), as the SFRs filed for those years are not "returns" for discharge purposes. Further, Debtor's late filed Forms 1040 would not be dischargeable because they were not filed within two years preceding the bankruptcy petition in accordance with 11 U.S.C. § 523(a)(1)(B)(ii).

As to the 2008, 2009 and 2010 tax obligations, Summary judgment is hereby GRANTED in favor of the IRS and the taxes for the said years are excepted from discharge pursuant to 11 U.S.C. § 507(a)(8)(A)(i) and (ii); 11 U.S.C. § 523(a)(1)(A) and § 523(a)(1)(B)(ii), as those returns were all due to be filed by the Debtor within three

years prior to the filing of the bankruptcy petition and not filed within two years prior to the filing of the bankruptcy petition.

This matter having been fully adjudicated on the merits, and there being no additional claims left upon which the adversary proceeding may proceed, this matter is hereby DISMISSED with prejudice.

Dated: August 18, 2017

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE